Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/13/2019 08:06 AM CDT

- 477 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

In re Guardianship of Suzette G.,
an incapacitated person.
Alvin G., Guardian, et al., appellees,
v. Suzette G., appellant.

___ N.W.2d ___

Filed August 6, 2019.    No. A-18-785.

1. **Guardians and Conservators: Appeal and Error.** An appellate court reviews guardianship and conservatorship proceedings for error appearing on the record made in the county court.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. ____: ____. An appellate court, in reviewing a judgment of the trial court for errors appearing on the record, will not substitute its factual findings for those of the trial court where competent evidence supports those findings.
4. **Records: Appeal and Error.** It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors.
5. **Appeal and Error.** An appellate court will not consider an issue on appeal that was not passed upon by the trial court.

Appeal from the County Court for Douglas County: Marcena M. Hendrix, Judge. Affirmed.

James Walter Crampton for appellant.

Jayne Wagner and Emily J. Briski, of Legal Aid of Nebraska, for appellee Alvin G.

Denise E. Frost, of Johnson & Mock, for guardian ad litem.

Riedmann, Arterburn, and Welch, Judges.

Riedmann, Judge.

## I. INTRODUCTION

Suzette G. appeals from an order of the county court for Douglas County appointing her brother, Alvin G., as her limited guardian. On appeal, Suzette argues that there was not sufficient evidence demonstrating she was in need of a guardian and that the guardian ad litem (GAL) appointed for her should not have been permitted to testify at trial. We find that the county court did not err, and therefore, we affirm.

## II. BACKGROUND

In November 2017, Alvin filed two petitions with the county court seeking to be appointed temporary and permanent guardian for Suzette. In his petitions, Alvin stated that a guardianship was necessary because Suzette lacked sufficient understanding to make or communicate responsible decisions concerning her own person in several areas, including giving necessary consents, approvals, and releases; arranging for training, education, or other rehabilitative services; and applying for government or private benefits to which she may have been entitled. In his petition for permanent guardianship, he also asserted that Suzette was incapable of arranging for her treatment or medical care. As part of both petitions, Alvin stated that his and Suzette's parents and their sister were necessary persons required by law to receive notice of the time and place of the hearing for guardianship. The court subsequently appointed Alvin as temporary guardian of Suzette, giving him the limited powers he requested in his petition and the power to arrange for her medical care.

At a hearing held in February 2018 on Alvin's petition for permanent guardianship, the court appointed Suzette both a GAL and separate legal counsel. Alvin's temporary guardianship of Suzette was extended until June 2018, when a final

- 479 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

hearing was held on his petition for permanent guardianship. At the hearing, Alvin adduced evidence demonstrating that Suzette was struggling with her mental health and was hospitalized twice in the preceding year for it. Suzette had been diagnosed at different times in her adult life with paranoid schizoaffective disorder and paranoid schizophrenia.

The evidence revealed that in October 2017, the mental health board for Douglas County found Suzette to be mentally ill and dangerous, and that she was hospitalized until December 2017 and then placed in outpatient care until January 2018. Alvin and his sister had petitioned the mental health board to hospitalize Suzette because she was contacting law enforcement and federal marshals claiming that people were following her. She also believed that someone was living inside her house, that she was being "medically murdered," and that she asked her neighbors to test her hair and fingernails for poison.

The evidence also showed that after Suzette was released from the hospital in December 2017, a treatment plan was created by the mental health board which required that she receive an injectable medication every month for her mental health and that she seek a guardianship. However, in February 2018, Suzette was hospitalized a second time, after she failed to take her medication. Suzette argued that although she did not take the injectable medication because it made her ill, she was taking the tablet form of the medication. Suzette was released from the hospital in March 2018, and it was recommended that she see a psychiatrist and a therapist.

Suzette has had a history of noncompliance with treatment for her mental illness. Despite being recommended to do so, Suzette did not meet consistently with a therapist. She had three therapists between January and June 2018. She stopped seeing her first therapist because she did not choose her. She discontinued treatment with the second therapist, Dr. Aveva Shukert, because she was "negative," and she stopped working with the third therapist after two visits because Suzette believed

- 480 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

she was lying. At the time of the hearing, Suzette was not in therapy. Additionally, Suzette had stopped taking medication for her mental health in the past because it was "fruitless," and she had stopped working with her psychiatrist in 2015 because she did not find it to be effective.

Suzette's GAL testified, over an objection by Suzette, that Suzette had been the subject of seven mental health board holds in her adult life. Suzette provided the GAL with a release for her to obtain information from only Shukert, who indicated that Suzette was having delusional thoughts while she was her patient. The GAL also testified that Suzette was under a mental health board commitment at the time of the hearing, meaning she could be hospitalized again if she failed to address her mental health.

The GAL stated that she was concerned Suzette did not recognize the severity of her mental illness and therefore stopped receiving treatment for it. It was the GAL's recommendation that Suzette be appointed a limited guardian for the purpose of ensuring that she receive her medications and professional help for her mental illness. The GAL testified that a limited guardianship was preferred because Suzette was able to handle her finances and budget, but she required assistance regarding her mental health needs. Finally, the GAL opined that a limited guardianship would be the least restrictive alternative for Suzette.

Alvin testified that he sought a temporary guardianship for Suzette because her doctors recommended it and it was part of the treatment plan formulated by the mental health board. Alvin stated that while he was Suzette's temporary guardian, he worked to obtain full Medicaid assistance for her, worked with her local pharmacy to ensure she was receiving her medications, sat in on a therapy session for her, contacted Shukert to receive information on Suzette's appointments and treatment, and assisted in ensuring that her house was livable. Alvin further testified that while he believed Suzette was capable of handling her finances, she had displayed a long

- 481 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

history of not complying with medication and treatment for her mental health, which led to a deteriorated quality of life. On cross-examination, Alvin stated that Suzette was not forthcoming with information regarding her health and that he was able to obtain information regarding her mental health only by speaking directly to her medical professionals, which he was authorized to do as her temporary guardian.

Suzette also testified at the hearing. She stated that Alvin was not speaking with her while he was her temporary guardian because she had confronted him in the past, alleging that he fondled her when she was a child. She further stated that she was not consulted regarding the first mental health board hold that was placed on her in October 2017 and that she was not happy with the proceedings. Additionally, she testified that she paid the mortgage on her home, drove herself to appointments, and bought her own groceries.

Following the hearing, the county court appointed Alvin as Suzette's limited guardian. The court stated that a guardian was necessary for Suzette because she lacked sufficient understanding and capacity to make or communicate responsible decisions concerning her person and her health. The court's order indicated that Alvin was responsible for arranging medical care for Suzette; giving necessary consent, approval, or releases on her behalf; and arranging for training, education, or other habilitating services for her. Suzette timely appealed.

### III. ASSIGNMENTS OF ERROR

Suzette assigns, restated, that the county court erred in (1) finding there was clear and convincing evidence that Alvin should be appointed limited guardian for her and (2) allowing the GAL to testify.

### IV. STANDARD OF REVIEW

[1-3] An appellate court reviews guardianship and conservatorship proceedings for error appearing on the record made in the county court. *In re Guardianship & Conservatorship*

- 482 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

*of Forster*, 22 Neb. App. 478, 856 N.W.2d 134 (2014). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. An appellate court, in reviewing a judgment of the trial court for errors appearing on the record, will not substitute its factual findings for those of the trial court where competent evidence supports those findings. *Id*.

## V. ANALYSIS

### 1. Appointment of Limited Guardian

Suzette argues that the county court erred in finding that Alvin proved by clear and convincing evidence that he should be appointed her limited guardian. Suzette asserts that the evidence does not demonstrate that she needs a guardian, that notice was not given to all parties required by statute, and that Alvin did not have priority to be appointed as her limited guardian. We disagree.

### (a) County Court Did Not Err in Determining Suzette Required Limited Guardian

A court may appoint a guardian if it is satisfied by clear and convincing evidence that the person for whom a guardian is sought is incapacitated and that the appointment is necessary or desirable as the least restrictive alternative available for providing continuing care or supervision of the person alleged to be incapacitated. Neb. Rev. Stat. § 30-2620 (Reissue 2016). An incapacitated person includes any person who is impaired by reason of mental illness or mental deficiency to the extent that the person lacks sufficient understanding or capacity to make or communicate responsible decisions concerning himself or herself. Neb. Rev. Stat. § 30-2601(1) (Reissue 2016).

Here, the county court's determination that Suzette was incapacitated because she lacked sufficient understanding and

- 483 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

capacity to make or communicate responsible decisions concerning her person and her mental health, and thus required a guardian, was supported by clear and convincing evidence.

First, the record demonstrates that Suzette has struggled with mental illness for many years. Despite her history, the record reveals that Suzette has not adequately addressed her mental health. In October 2017, she was hospitalized due to delusional thoughts which led her to contact local law enforcement and federal marshals claiming that people were after her and that she was being "medically murdered." She also took samples of her hair and fingernails to neighbors to be tested for poison. Upon her release from the hospital, Suzette failed to take her required monthly injectable medication and was again hospitalized in February 2018. Additionally, Suzette testified that in the past, she had stopped taking medications for her mental health because they were "fruitless."

Furthermore, Suzette admits that she did not consistently meet with therapists as required. She had three therapists between January and June 2018 and was not seeing a therapist at the time of the hearing. She had various reasons for discontinuing her therapy. Even while treating with one of the therapists, Suzette continued to suffer from delusional thoughts.

Suzette's inability or refusal to receive treatment for her mental illness supports the court's determination that she lacked sufficient understanding or capacity to make responsible decisions concerning her mental health. Alvin testified that while he was her temporary guardian, Suzette did not inform him when she stopped seeing her therapists; nor did she inform him when she began seeing a new primary care physician. Thus, the record supports the court's finding that Suzette was not able to communicate responsible decisions regarding her mental health.

Although Suzette argues on appeal that a guardianship was unnecessary because Alvin did not employ his powers as her temporary guardian, Alvin testified that he attempted to obtain full Medicaid assistance for her, worked with her local

- 484 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

pharmacy to ensure she was receiving her medications, set up initial appointments for her with medical professionals, and contacted her health care providers to receive updates on her treatment. Therefore, the court's decision that Suzette was incapacitated, and in need of a guardian, was supported by clear and convincing evidence.

Further, the county court was correct in appointing Alvin as a limited guardian. If the court finds that a guardianship should be created, the guardianship shall be a limited guardianship unless the court finds by clear and convincing evidence that a full guardianship is necessary. § 30-2620. If a limited guardianship is created, the court shall specify the authorities and responsibilities which the guardian shall have including arranging for medical care for the ward; giving necessary consent, approval, or releases on behalf of the ward; and applying for private or governmental benefits to which the ward may be entitled. See *id.*

The record indicates that Suzette was able to adequately manage her finances and life outside of her mental health. She paid her mortgage, drove herself to appointments, and bought her own groceries. Both the GAL and Alvin testified that Suzette could manage her financial affairs but needed a guardian to ensure she was addressing her mental health. Therefore, the court properly limited Alvin's role as guardian to those tasks necessary to manage Suzette's mental health treatment.

### (b) Record Does Not Indicate Alvin Failed to Provide Notice to All Required Persons

Suzette asserts that Alvin failed to provide notice of his petition for guardianship to all persons required by statute, namely, her parents. We disagree.

Neb. Rev. Stat. § 30-2625 (Reissue 2016) requires a person seeking to be appointed as a guardian for a person alleged to be incapacitated to provide notice of hearing to the person alleged to be incapacitated and his or her spouse, parents, and adult

- 485 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

children. Suzette asserts that her parents were given notice of the February 2018 hearing but that Alvin did not provide her parents notice "as required by . . . § 30-2625." Brief for appellant at 6. She does not identify the manner in which notice was deficient.

[4] Our record contains a notice of hearing for the February 2018 hearing, and it reflects notice to Suzette's parents more than 14 days prior to the hearing as required. Our record does not contain the notice of hearing for the June hearing, but some notice must have been provided, because Suzette, her father and sister, Alvin, the GAL, and all counsel appeared for trial on June 29. It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Pierce v. Landmark Mgmt. Group*, 293 Neb. 890, 880 N.W.2d 885 (2016).

[5] Nonetheless, the transcript indicates that the journal entry documenting that trial occurred on June 29, 2018, was sent to Suzette's parents, as was the subsequent order appointing Alvin as guardian. The record further reflects that Suzette's father attended the hearing. Our record does not contain any objection by Suzette or her parents regarding the alleged lack of notice, either at the hearing or following the appointment of Alvin as guardian. It appears the issue was not raised in the trial court. An appellate court will not consider an issue on appeal that was not passed upon by the trial court. *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006). Because the issue was not raised in the trial court, we decline to further address this argument.

### (c) Court Appropriately Appointed Alvin as Limited Guardian for Suzette

Suzette also alleges that the county court erred in appointing Alvin as her limited guardian, because Alvin did not have priority to be appointed as a guardian. We disagree.

- 486 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

Any competent person may be appointed as a guardian of a person alleged to be incapacitated. Neb. Rev. Stat. § 30-2627(a) (Reissue 2016). Section 30-2627(b) sets forth the following order of priority for persons who are not disqualified and who "exhibit the ability to exercise the powers to be assigned by the court":

(1) A person nominated most recently by one of the following methods:

(i) A person nominated by the incapacitated person in a power of attorney or a durable power of attorney;

(ii) A person acting under a power of attorney or durable power of attorney; or

(iii) A person nominated by an attorney in fact who is given power to nominate in a power of attorney or a durable power of attorney executed by the incapacitated person;

(2) The spouse of the incapacitated person;

(3) An adult child of the incapacitated person;

(4) A parent of the incapacitated person, including a person nominated by will or other writing signed by a deceased parent;

(5) Any relative of the incapacitated person with whom he or she has resided for more than six months prior to the filing of the petition;

(6) A person nominated by the person who is caring for him or her or paying benefits to him or her;

(7) The Public Guardian.

However, the court, acting in the best interests of the incapacitated person, may pass over a person having priority and appoint a person having lower priority or no priority. § 30-2627(c).

On appeal, Suzette argues that Alvin had lower priority than her parents to be appointed as limited guardian and thus should not have been appointed. However, there is no evidence in the record that any person besides Alvin, including Suzette's parents, applied to be her guardian. A person interested in

- 487 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

becoming a guardian of a person alleged to be incapacitated must file a petition to be a guardian. Neb. Rev. Stat. § 30-2619 (Reissue 2016). Thus, Alvin was the only individual who properly petitioned to become Suzette's limited guardian.

Section 30-2627(a) states that any competent person may be appointed guardian of a person alleged to be incapacitated. There is nothing in the record indicating that Alvin is not competent to be Suzette's limited guardian. Although Suzette testified that Alvin was not speaking to her because she confronted him about his alleged inappropriate touching of her when she was a child, she presented no corroborating evidence of such an act and the county court clearly did not find the allegation credible. We therefore find no error in the court's appointment of Alvin as Suzette's limited guardian.

## 2. Court Did Not Err in Permitting GAL to Testify at Trial

The GAL cross-examined witnesses and was allowed to testify over Suzette's objection. Suzette argues that the court erred in permitting the GAL to testify, because she was improperly acting as both an advocate and a witness. We find no error in the county court's decision.

A GAL may conduct discovery, present witnesses, cross-examine witnesses, present other evidence, file motions, and appeal any decisions regarding the person for whom he or she has been appointed. Neb. Rev. Stat. § 30-4203(2)(a) (Reissue 2016). Pursuant to the GAL practice standards for proceedings under the Nebraska Probate Code, a GAL may testify to the extent allowed by the Nebraska Rules of Professional Conduct. See Neb. Ct. R. § 6-1469 (2017). Neb. Ct. R. of Prof. Cond. § 3-503.7(a) prohibits a lawyer from acting as an advocate at a trial in which the lawyer is likely to be a necessary witness. Where a lawyer has already been appointed to represent the legal interests of a person alleged to be in need of a guardian, the GAL functions only to advocate for the best interests of that person. § 6-1469(C)(2).

- 488 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF SUZETTE G.
Cite as 27 Neb. App. 477

Suzette was appointed an attorney and a GAL; therefore, the GAL's duty was to advocate for Suzette's best interests. In doing so, the GAL was not required to make a determination consistent with Suzette's preferences. See § 6-1469(C)(3)(a). That was the responsibility of Suzette's attorney. We note that the reason the Nebraska Rules of Professional Conduct prohibit an attorney from acting as a witness is to avoid a conflict of interest with his or her client. See § 3-503.7, comment 1. But here, where the GAL is representing the person's best interests, such potential conflict does not exist.

The GAL was called to testify as to the content of her report; to the extent her testimony was contained within the report, any testimony was merely cumulative. To the extent the GAL's testimony extended beyond the content of her report, we find no error, because it did not run afoul of the Nebraska Rules of Professional Conduct. As the GAL was an advocate for Suzette's best interests, no conflict of interest arose between the GAL and Suzette.

## VI. CONCLUSION

The county court did not err in determining that Suzette was in need of a limited guardian and appointing Alvin to serve in that capacity. The court also did not err in permitting the GAL to testify at the hearing. Accordingly, we affirm the order of the county court.

AFFIRMED.